E-FILED
Wednesday, 14 March, 2007   03:16:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DOUBLE EAGLE ENERGY, INC., a Texas corporation registered to do business in Illinois,<br><br>Plaintiff,<br><br>v.<br><br>DALE R. LOOS and LYNN S. LOOS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO: 3:06-cv-03275-RM-BGC |

**PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS**

NOW COMES Plaintiff, Double Eagle Energy, Inc., by and through its attorneys, Brown, Hay & Stephens, LLP, Scott C. Helmholz and Eliott M. Hedin, and pursuant to FED. R. CIV. P. 11 for its Motion for Sanctions, states as follows:

1. On January 8, 2007, Defendants filed a Motion to Dismiss Plaintiff's Complaint in the above-captioned case. (d/e 6) Defendants argued that a default judgment entered in Case No. 06-CH-118, Circuit Court of the Eighth Judicial District, Adams County, "is *res judicata* as to all the relief prayed for by the Plaintiff". (Defs. Mot.,¶3).

2. Plaintiff herein moved to set aside the default judgment because the Adams County court lacked personal jurisdiction because the underlying affidavit supporting service by publication was misleading or false and did not show counsel for Plaintiffs, Robert K. Adrian, exercised "diligent inquiry." *See* Ex. A.

3. On February 1, 2007, the Adams County court agreed with Plaintiff herein and determined that the affidavit of the attorney of Defendants herein, Robert K. Adrian, was false and set aside the default judgment. *See* Ex. B.

4. Relying on a default judgment obtained by false affidavit in this action constitutes yet another fraud and sanctionable conduct.

5. As a direct result of and in reliance upon Defendants' assertion of that default judgment as a defense in this action, plaintiff incurred the following expenses:

| | | |
|---|---|---|
| a. | Attorney fees for preparation of response to motion to dismiss | $1402.50 |
| b. | Attorney fees for preparation of motion for sanctions | $255.00 |
| | TOTAL | $1657.50 |

WHEREFORE, Plaintiff respectfully requests the Court order Defendants or their counsel, or both, to pay the reasonable expenses, including attorney fees and the costs of the response to the motion to dismiss and this motion, incurred by it as a result of the assertion of a default judgment obtained by a false affidavit.

Date: March 14, 2007

Double Eagle Energy, Inc., Plaintiff,

By: s/ Eliott M. Hedin
BROWN, HAY & STEPHENS, LLP
Eliott M. Hedin, Esq.
Registration No: 06273932
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
Telephone: (217) 544-8491
Fax: (217) 241-3111
E-mail: ehedin@bhslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon:

Robert K. Adrian
Adrian & Dunn, P.C.
806 WCU Building
510 Maine Street
Quincy, IL 62301

by enclosing the same in an envelope addressed to such party at the above address, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office mailbox in Springfield, Illinois, at 5:00 p.m. on this 15th day of February 2007.

## CERTIFICATE OF SERVICE

I hereby certify that on the **14th** day of **March, 2007**, I electronically filed Plaintiffs' Rule 11 Motion for Sanctions with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

>Robert K. Adrian, Esq.
>Adrian and Dunn, P.C.
>510 Maine Street, Suite 806
>Quincy, IL  62301

>**By:   s/ Eliott M. Hedin**
>**BROWN, HAY & STEPHENS, LLP**
>Eliott M. Hedin, Esq.
>Registration No:  06273932
>205 S. Fifth Street, Suite 700
>P.O. Box 2459
>Springfield, IL  62705-2459

3/14/2007\crsF:\WORD\ELIOTT\DEEI\FEDERAL\motionsanctions\FINAL.doc

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
ADAMS COUNTY, ILLINOIS

| | | |
|---|---|---|
| DALE R. LOOS and LYNN S. LOOS, | ) ) ) ) | **FILED** <br> JAN 18 2007 |
| Plaintiffs, | ) ) | Case No. 06-CH-118 |
| v. | ) ) ) | |
| DOUBLE EAGLE ENERGY, INC. | ) ) | |
| Defendant. | ) | |

### COMBINED MOTION TO QUASH SERVICE OF PROCESS FOR LACK OF JURISDICTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT

**NOW COMES** Defendant, Double Eagle Energy, Inc., by and through its attorneys Brown, Hay & Stephens, LLP, and as and for its Combined Motion to Quash Service of Process for Lack of Jurisdiction and Motion to Set Aside Default Judgment states as follows:

1. Defendant Double Eagle Energy, Inc. ("Double Eagle") moves this Court pursuant to Section 2-206 of the Civil Practice Act (735 ILCS 5/2-206) to quash service and set aside the Default Judgment entered *nunc pro tunc* on November 20, 2006 pursuant to Section 2-1401 of the Civil Practice Act (735 ILCS 5/2-1401). The Court lacked personal jurisdiction because Double Eagle has never been properly served and the underlying affidavit supporting service by publication was misleading or false and did not show counsel for Plaintiffs, Robert K. Adrian, exercised "diligent inquiry."

2. On October 2, 2006, Plaintiffs filed a Complaint to Quiet Title in certain property they own in fee simply in Adams County, Illinois. Compl., ¶1. Plaintiffs alleged that an Oil and Gas lease they entered with Double Eagle on September 15, 2003 (hereafter the "2003 Lease"), no longer remained in effect and constituted a cloud on the title of Plaintiffs. *Id.* at ¶¶5-6.

EXHIBIT A

Double Eagle's address is identified in the 2003 Lease as 3308 Preston Road, Suite 272, Plano, TX 75093. A true and accurate copy of the 2003 Lease is attached as Ex. 1 to the Affidavit of Robert E. Gilmore, Exhibit A.

2. On September 28, 2006, counsel for Plaintiff, Robert K. Adrian, on his oath, subscribed and swore to an Affidavit for Service by Publication. The Affidavit, which was filed with the Complaint on October 2, 2006, provides that:

> Defendant Double Eagle Energy, Inc. resides out of state and on due inquiry cannot be found so that process can be served upon said defendant.
>
> Defendant's place of residence upon diligent inquiry cannot be ascertained; Defendant's last known place of residence is 3308 Preston Road, Suite 272, Plano, TX 75093.

*See* Affidavit of Robert K. Adrian.

3. Plaintiffs submitted a Motion for Default Judgment on November 16, 2006, which the Court granted and entered judgment *nunc pro tunc* on November 20, 2006, following a hearing. A Formal Order of the default judgment was entered on November 27, 2006.

4. In Illinois, when a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant and a default judgment entered against him or her is void. *First Federal Savings & Loan Ass'n of Chicago v. Brown (Brown)*, 74 Ill.App.3d 901, 905, 393 N.E.2d 574 (1st Dist. 1979).

5. Service by publication is appropriate when a plaintiff files "an affidavit showing that the defendant resides or has gone out of the state or, on *due inquiry*, cannot be found, or is concealed within the State so that process cannot be served upon him or her . . .the Clerk shall cause publication to be made in some newspaper in the county in which the action is pending." 735 ILCS 5/2-206 (emphasis added).

6. Strict compliance with statutory requirements for publication service under section 2-206 of the Code of Civil Procedure is necessary ... [and] [i]f the statutorily mandated inquiries are not made, a plaintiff's affidavit for constructive service does not speak the truth and cannot confer jurisdiction. *Marathon Finance Co. v. Pioneer Bank & Trust Co.*, 168 Ill.App.3d 148, 151, 118 Ill.Dec. 793, 522 N.E.2d 248, 251 (1st Dist. 1988).

7. The party claiming benefit of constructive service bears the burden of showing strict compliance with every requirement of the statute, and nothing else will confer jurisdiction to the court or grant validity to the court's judgment. *Marathon Finance Co.*, 168 Ill.App.3d at 151.

8. In June 2006, the Plaintiffs and their attorney, Robert K. Adrian, were negotiating with Robert E. Gilmore, President of Double Eagle, regarding the continuing validity of the 2003 Lease. *See* Ex. A, ¶¶5-6, 9.

9. On June 29, 2006, Robert E. Gilmore sent an email to Robert K. Adrian with a revised mineral lease for his review. *See* Ex. A, ¶6. The email provides that Mr. Gilmore still believed the 2003 Lease was valid, but informed Mr. Adrian that he is willing to work together with Mr. Loos to establish an acceptable and enjoyable working relationship. *Id.* The email expressly identified Mr. Gilmore as the President of Double Eagle. A true and accurate copy of the email and revised lease are attached hereto as Exhibit 2 to Mr. Gilmore's Affidavit.

10. The revised mineral lease attached to Mr. Gilmore's email identifies Double Eagle's address as 325 W. Phillips Ct, Grand Prairie, TX 75051.

11. On July 10, 2006, Mr. Gilmore and Robert K. Adrian participated in a telephone conference regarding the continuing validity of the 2003 Lease. During the telephone call, Mr.

Gilmore and Mr. Adrian discussed the revised mineral lease Mr. Gilmore emailed to Mr. Adrian on June 29, 2006. *See* Ex. A, ¶9.

12. Robert Adrian's Affidavit for Service by Publication states that Defendant "on due inquiry cannot be found so that process cannot be served upon said Defendant." *See* Affidavit for Service by Publication.

13. The mere fact of the filing of an Affidavit for Publication does not presume its truthfulness and "does not foreclose further inquiry into the accuracy of the statements contained therein." *Brown*, 74 Ill.App.3d at 906.

14. "Courts will, if necessary, look behind the document's allegations and if they do not speak the whole truth, jurisdiction will not obtain." *Brown*, 74 Ill.App.3d at 906.

15. As of June, 2006, Plaintiffs and their attorney were fully aware of Double Eagle's address and the email and telephone number of Double Eagle's president, Robert E. Gilmore. Plaintiffs and their attorney possessed this information without even performing a "due inquiry."

16. Therefore, the underlying affidavit supporting service by publication was misleading or false when it provides that Double Eagle "cannot be found."

17. The underlying affidavit was also misleading or false to the extent it provides that, "Defendant's place of residence upon diligent inquiry cannot be ascertained." Again, Plaintiffs and their attorney possessed this information without even performing a "due inquiry." Robert K. Adrian has known since at least June 29, 2006, the address and residence of Double Eagle.

18. The underlying affidavit was also misleading or false to the extent it provides that, "Defendant's last known place of residence is 3308 Preston Road, Suite 272, Plano, TX 75093." The 3308 Preston Road address was Double Eagle's address listed in the 2003 Lease. *See* Ex. 1 to Aff. of R. Gilmore. Robert K. Adrian received a revised mineral lease in June of 2006 that

4

clearly reflected Double Eagle's current address of 325 W. Phillips Ct, Grand Prairie, TX 75051. *See* Ex. 2 to Aff. of R. Gilmore.

19.  Based on the foregoing, Plaintiff's counsel Robert K. Adrian not only failed to perform a superficial or cursory effort to locate Double Eagle, but also affirmatively or negligently misrepresented his knowledge at the time he executed the Affidavit in support of service by publication. Affidavits that do not speak the truth do not confer jurisdiction. *Marathon Finance Co.*, 168 Ill.App.3d at 151. Accordingly, under the weight of the authorities cited herein, Robert K. Adrian's misrepresentations as well as the failure to perform a "due inquiry" require a finding that Double Eagle has never been properly served in this matter and the Court therefore lacks jurisdiction over Double Eagle.

**WHEREFORE**, Defendant Double Eagle Energy, Inc., respectfully requests that this Court find jurisdiction over the Defendant lacking, and quash service of process previously filed herein, and prays for any further relief this Court deems fair and just.

## MOTION TO SET ASIDE DEFAULT JUDGMENT

20.  Defendant realleges and reincorporates the allegations contained in Paragraphs 1 through 19 of its Motion to Quash Service of Process for Lack of Jurisdiction as Paragraph 20 of its Motion to Set Aside Default Judgment.

21.  Final orders may be vacated after thirty (30) days of entry by bringing to the court's attention matters of fact, unknown when the judgment was entered, but which, if known, would have affected or altered the judgment. 735 ILCS 5/2-1401; *Clay v. Huntley*, 338 Ill.App.3d 68, 787 N.E.2d 317 (1st Dist. 2003).

5

22.  "It is elementary when a defendant has not been served with process as required by law and has not entered an appearance, the court has no jurisdiction over the defendant and a default judgment against him is void." *Brown*, 74 Ill.App.3d at 905.

23.  If a trial court does not have jurisdiction over a defendant, "any order entered against him is void *ab initio*..." *Clay v. Huntley*, 338 Ill.App.3d 68, 76, 787 N.E.2d 317 (1st Dist. 2003).

24.  The Court lacked personal jurisdiction because Double Eagle has never been properly served and the underlying affidavit supporting service by publication was misleading or false and did not show counsel for Plaintiffs, Robert K. Adrian, exercised "diligent inquiry." Accordingly the default judgment is void *ab initio* and must be set aside. 735 ILCS 5/2-1401(f); *Clay*, 338 Ill.App.3d at 76.

**WHEREFORE**, Defendant respectfully requests that this Court set aside the Order for Default Judgment entered herein and prays for any further relief this Court deems fair and just.

DOUBLE EAGLE ENERGY, INC.

By: _____
One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Eliott M. Hedin
Registration No. 06273932
Charles Y. Davis
Registration No. 6286010
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon:

Robert K. Adrian
Adrian & Dunn, P.C.
806 WCU Building
510 Maine Street
Quincy, IL 62301

by hand delivery and enclosing the same in an envelope addressed to such party at the above address, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office mailbox in Springfield, Illinois, at 5:00 p.m. on this 8 day of January 2007.

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
ADAMS COUNTY, ILLINOIS

| | | |
|---|---|---|
| DALE R. LOOS and LYNN S. LOOS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 06-CH-118 |
| v. | ) ) ) | |
| DOUBLE EAGLE ENERGY, INC. | ) ) ) | |
| Defendant. | ) | |

*State of Texas* )
 ) ss
*County of Dallas* )

## AFFIDAVIT OF ROBERT S. GILMORE

I, Robert S. Gilmore, first being duly sworn, hereby state as follows:

1. I am of lawful age, firm mind, and otherwise of full legal capacity.

2. I have been the President of Double Eagle Energy, Inc. ("Double Eagle") since December 30, 2005.

3. Double Eagle, together with and by and through its authorized agent, Allied Energy, LLC ("Allied"), acquired an oil and gas lease to drill and complete producing gas wells from Dale R. and Lynn S. Loos on September 15, 2003 (the "2003 Lease"). A true and accurate copy of the 2003 Lease is attached hereto as Exhibit 1.

4. The drilling of the gas well on the Loos property (Loos #1) commenced on October 6, 2003 and was completed on October 8, 2003, which was within the primary term of the 2003 Lease.

5. In or about June of 2006, I learned that Mr. and Mrs. Loos claimed the 2003 Lease lacked validity. I discussed the continuing validity of the Loos Lease with Mr. Loos


EXHIBIT A

several times on the telephone and he ultimately asked me to have further communications with his attorney, Robert K. Adrian.

6. On June 29, 2006, I emailed Robert K. Adrian a revised oil and gas lease for the Loos property. I informed Mr. Adrian that the 2003 Lease remained in full force and effect, but that I was willing to work together with Mr. Loos to establish an acceptable and enjoyable working relationship. A true and accurate copy of my June 29, 2006, email is attached hereto as Exhibit 2.

7. I am expressly identified as the President of Double Eagle in the June 29, 2006, email to Robert K. Adrian.

8. Double Eagle's address is expressly identified as 325 W. Phillips Ct, Grand Prairie, TX 75051 in the revised mineral lease attached to my June 29, 2006 email to Robert K. Adrian.

9. On July 10, 2006, I participated in a telephone call with Robert K. Adrian regarding the continuing validity of the 2003 Lease. During the telephone call we discussed the revised mineral lease I emailed to Mr. Adrian on June 29, 2006. I have checked my telephone records and determined that this telephone call lasted 27 minutes.

10. I have lived at 325 W. Phillips Court in Grand Prairie, Texas since 1955.

Further Affiant sayeth not.

_____
ROBERT S. GILMORE

Subscribed and sworn to before me this 17th day of *January*, 2007.

_____
Notary Public

OFFICIAL SEAL
CINDY STOCKER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-11-2009

2

### Eliott M. Hedin

**From:** Gilmore Robert [gilmore-rd@sbcglobal.net]
**Sent:** Friday, June 30, 2006 3:48 PM
**To:** adpc0690@adams.net
**Subject:** Loos Lease

Mr. Adrian,

   Mr Dean Gibson reuested that I e-mail you the revised mineral lease for Mr. Loos.
   Please advise Mr. Loose that while we still consider his original lease to be valid, it is our intention to work with him in the interest of establishing a working relationship which is both acceptable and enjoyable.
   If Mr. Loos has any questions or problems with the attached lease agreement please advise Mr. Dean Gibson and myself as soon as possible so we can resolve any issues.

Robert Gilmore
President, Double Eagle Energy, Inc.



EXHIBIT 2
to Affidavit of
Robert Gilmore

1/16/2007

# OIL AND GAS LEASE

AGREEMENT, Made and entered into the ____ day of _____, 20____ by and between Dale R. Loos and Lynn S. Loos, husband and wife, 231 2900 St., Baylis, Il 62314, hereinafter called lessor (Whether one or more) and Double Eagle Energy, Inc., 325 W. Phillips Ct, Grand Prairie, TX 75051, hereinafter called lessee:

WITNESSETH: That the said lessor, for and in consideration of Ten Dollars ($10.00) cash in hand paid, the receipt of which is hereby acknowledged and of the covenants and agreements hereinafter contained on part of lessee to be paid, kept and performed, has granted, demised, leased, and let, and by these presents does grant, demise, lease and let unto the said lessee for the sole and only purpose of mining and operating for oil and gas and laying of pipelines, and of building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain tract of land situated in the County of Adams, State of Illinois, described as follows, to wit:

E/2 SE 22 3S 5W containing 80 Acres
NE NE SEC 27 3S 5W containing 40 acres

IT IS AGREED, that this lease shall remain in force for a term of one year from this date, and as long thereafter as oil and gas, or either of them, is produced from said land by lessee. Once pipelines are in place, Rights-of-Way for said pipeline shall remain in place permanently. In consideration of the premises the said lessee covenants and agrees:

1st To deliver to the credit of lessor, free of cost into tank reservoirs or into the pipeline to which lessee may connect wells on said land, the equal one-eighth (1/8) part of all oil produced and saved from the leased premises.

2nd To pay lessor one-eighth (1/8) of the gross proceeds each year, payable monthly, for the gas from each well where gas only is found, while the same is being used off the premises, and if used in the manufacture of gasoline, a royalty of one-eighth (1/8) payable monthly at the prevailing market rate for gas; and lessor to have gas free of cost from any such well for all stoves and furnaces and all inside lights in the principal dwelling on said land during the same time by making lessor's own connections with the well at lessor's own risk and expense. Lessor will be allowed to use 200 mcf of gas per year per well. Any gas used by lessor in excess of this amount, will be purchased by lessor at wellhead cost, payable monthly.

3rd To pay lessor for gas produced from any oil well and used off the premises or in the manufacture of gasoline or any other product a royalty of one eighth (1/8) of the proceeds, payable monthly at the prevailing market rate at the mouth of the well.

4th Optional Metering System: Lessee shall install, at Lessee's expense, meters on all producing wells. If requested by Lessor, each well on the leased premises shall have an optional metering system with temperature and pressure correction, utilizing Dresser rotary meter and a gas correction device (Roots Micro Corrector Model MC/W, PTZ and Log, or equivalent). Lessee shall also install, at Lessor's request, an optional gas correction device (Mercury Instruments, Mini-Max AT-PT, or equivalent). Lessor shall pay one-hundred percent (100%) of the cost of the optional metering system, and Lessee shall install said optional metering system at Lessee's expense, and Lessee shall own one-hundred percent (100%) of said metering system after installation.

Page 2

If no well be commenced on said land on or before the 15th day of September 2004, this lease shall terminate as to both parties. If the lessee shall commence to drill a well within the term of this lease or any extension thereof, the lessee shall have the right to drill such well to completion with reasonable diligence and dispatch, and if oil and gas, or either of them be found in paying quantities, this lease shall continue and be in force with like effect if such well had been completed within the term first first mentioned.

As said lessor owns a less interest in the above described land than the entire undivided fee simple estate therein, lessor, by execution of this agreement and the acceptance of payment of the full landowner's royalty share, hereby accepts full responsibility for the payment of the proportionate share of royalties to any person or persons making claim to an interest in the above described land. Further, lessor holds lessee harmless and absolves lessee of all responsibility and liability for making royalty payment to any person or persons making said claims.

Lessor understands and agrees that all equipment at the well site is the property of the Lessee and Lessor's activity at the well site shall be limited to reading of meters only. Lessor shall comply with a "hands off" agreement and shall not alter settings or adjustments of valves or other items of equipment which may cause disruptive pressure imbalance conditions within the gas gathering system.

Lessee shall have the right to use, free of cost, oil and water and gas produced on said land for lessee's operations thereon except water from the wells of lessor.

Lessee shall bury lessee's pipeline below plow depth, defined as being thirty-six (36) inches or deeper, unless exception is granted by lessor.

No well shall be drilled nearer than 200 feet to the house or barn now on said premises without written consent of lessor.

Lessee will not drill a well closer than 500' to a windmill.

Lessee shall pay for damages caused by lessee's operations to growing crops on said lands.

Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing.

Lessee shall reclaim location within one year of completion of drilling and completion operations.

Lessee shall reclaim location within one year of completion of plugging operations.

Lessee is hereby given the right and power to pool or combine the acreage covered by this lease or any portion thereof with other land, lease or leases in the immediate vicinity thereof, when in the lessee's judgment it is necessary or advisable to do so in order to properly develop and operate said premises in compliance with the spacing rules of any lawful authority, or when to do so would in the judgment of lessee, promote the conservation of oil and gas in and under and that may be produced from said premises. Lessee shall execute in writing an instrument identifying and describing the pooled acreage. The entire acreage so pooled into a tract or unit shall be treated, for all purposes except the payment of royalties on production from the pooled unit, as if it were included in this lease. If production is found on the pooled acreage, it shall be treated as if production is had from this lease, whether the well or wells be located on the premises covered by this lease or not. In lieu of the royalties elsewhere herein specified, lessor shall receive on production from a unit so pooled only such portion of the royalty stipulated herein as the amount of his acreage placed in the unit or his royalty interest therein bears to the total acreage so pooled in the particular unit involved.

The rights of either party hereunder may be assigned in whole or in part and the provisions hereof shall extend to the heirs, executors, administrators, successors, and assigns, but no change or division in ownership of the land or royalties, however accomplished, shall operate to enlarge the obligations or diminish the rights of lessee or require the installation of separate measuring tanks or instruments. No such change or division in the ownership of the land or royalties shall be binding upon lessee for any purpose

Page 3

until such person acquiring any interest has furnished lessee with the instrument or instruments, or certified copies thereof, constituting his chain of title from the original lessor. An assignment of this lease, in whole or in part, shall, to the extent of such assignment, relieve and discharge lessee of any obligations hereunder, and. if assignee of part or parts hereof shall fail to comply with any provision of the lease, such default shall not affect this lease in so far as it covers the part of said lands retained by lessee or another assignee and agrees that the lessee shall have the right at any time to redeem for lessor, by payment, any mortgages, taxes, or other liens on the above described lands, in the event of default of payment by lessor, and be subrogated to the rights of the holder hereof, and the undersigned lessors, for themselves, their heirs, successors, and assigns, hereby surrender and release all rights of dower and homestead in the premises herein described insofar as said right of dower and homestead may in any way affect the purpose for which this lease is made as recited herein.

All express or implied covenants of this lease shall be subject to all Federal and State Laws and to all executive orders, rules or regulations of State and Federal authorities, and this lease shall not be terminated, in whole or in part, nor lessee held liable for any failure to perform thereunder if such failure is due to or is the result of any such law, order, rule or regulation.

IN WITNESS WHEREOF WE SIGN, the date first above written

_____(SEAL)    (SEAL)_____

ACKNOWLEDGEMENT

STATE OF _____ )
                       )
                       )
_____ COUNTY      )

I, _____, A Notary Public, in and for said County, in the State aforesaid, do hereby certify that _____ 
_____
personally known to me to be the same person(_) whose name(_) ____ subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that ____ signed, sealed and delivered the said instrument as ___ free and voluntary act for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and SEAL, this ____ day of _____, 20____.

My commission Expires:_____    _____
                                              Notary Public

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
OF ILLINOIS, ADAMS COUNTY

Dale R. Loos and Lynn S. Loos, Plaintiff.

vs.

Double Eagle Energy, Inc, Defendant.

No. 06-CH-115

ORDER

Cause comes on for hearing on Combined Motion to Quash Service of Process For Lack of Jurisdiction and Motion to Set Aside Default Judgment. Having heard the arguments of counsel and reviewed the pleadings, Defendant's Motion is GRANTED, service of process is quashed and the default judgment entered nunc pro tunc on November 20, 2006 is Set Aside.

Entered February 1, 2007

cc: Bob Bideau
Elizabeth Heaton

JUDGE

EXHIBIT B

REPORTER:    CLERK: