IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DOUBLE EAGLE ENERGY, INC., a Texas Corporation registered to do business in Illinois, | ) ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) CASE NO. 06-3275 |
| DALE R. LOOS AND LYNN S. LOOS, | ) ) ) |
| Defendants. | ) ) |

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Now comes Defendants, Dale R. Loos and Lynn S. Loos, by their attorneys, Adrian & Dunn, P.C., and for their answer to the Complaint filed herein states as follows

1. Defendants admit the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit they are citizens of the State of Illinois but deny they reside in Pike County, Illinois as alleged in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the matter in controversy is between citizens of different states but deny the matter in controversy exceeds the sum of $75,000.00 as alleged in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit venue is proper in Central District of Illinois, Springfield Division as alleged in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit they entered into an Oil and Gas Lease dated September 15, 2003, but deny the Lease is still valid, and further states the Defendant's have insufficient

personal knowledge to either admit or deny the remainder of the allegations in paragraph 6 of Plaintiff's Complaint.

7.  Defendants admit "Exhibit 1" attached to the Complaint is a true and accurate copy of the Lease but deny the Lease gives Plaintiff the right to lay pipeline under and across their premises to produce and market gas from other leaseholds and further deny the Lease is still valid as alleged in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

9.  Defendants admit that a producing gas well was drilled on their property known as Loos Number 1 but have insufficient personal knowledge to either admit or deny the other allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in paragraph 10 of Plaintiff's Complaint.

11.  Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendants have insufficient personal knowledge to either admit or deny the allegations in paragraph 12 of Plaintiff's Complaint.

13.  Defendants admit their well was connected to a pipeline system but have insufficient personal knowledge to either admit or deny the other allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendants have insufficient personal knowledge to either admit or deny the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations in paragraph 16 of Plaintiff's Complaint.

17.  Defendants have insufficient personal knowledge to either admit or deny the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants admit their attorney stated that the Lease had expired because no oil or gas was being produced from the property. Defendants further admit they placed a lock on the pipeline connected to Loos Well #1 but deny they placed a lock on Loos Well #1 and deny they have denied Plaintiff's or its agents access to the well or premises as alleged in paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants admit the existence of the reservation in the Warranty Deed dated July 2, 1958 but have insufficient personal knowledge to either admit or deny the remainder of the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants have insufficient personal knowledge to either admit or deny the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendants have insufficient personal knowledge to either admit or deny the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

**COUNT I**

31. Defendants hereby restate and incorporate by reference herein their answers to paragraphs 1-30 of the Allegations Common to All Counts as their answers for Paragraph 31 of Count I.

32. Defendants admit the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the following:

(a) That the Loos Lease remains in force and effect;

(b) That the Loos Lease grants Plaintiff the right to lay pipeline under and across the Loos premises to produce, transport and market gas from the Hill Lease;

(c) That they have breached or violated Plaintiff's rights under the Loos Lease and they have prevented the production of gas from the Loos #1 well;

(d) They have breached or violated the Plaintiff's rights under the Loos Lease or they have denied Plaintiff ingress and egress across the Loos premises needed to lay an interconnecting pipeline to the Hill #1 well;

(e) That they have interfered with or violated Plaintiff's rights under the Myers' Lease.

WHEREFORE, Defendants pray this Honorable Court to dismiss Count I with costs to Plaintiff.

## COUNT II

34. Defendants hereby restate and incorporate by reference herein their answers to paragraph 1-30 of the Allegations Common to All Counts and paragraph 31 through 33 of Count I as and for their answers to paragraph 34 of Count II.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

WHEREFORE, Defendants pray this Honorable Court to dismiss Count II with costs to Plaintiff.

### COUNT III

39. Defendants hereby restates and incorporates by reference herein their answers to paragraphs 1-30 of the Allegations Common to All Counts, paragraph 31 through 33 of Count I and paragraphs 34 through 38 of Count II as and for their answers to paragraph 39 of Count III.

40. Defendants have insufficient personal knowledge to either admit or deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

WHEREFORE, Defendants pray this Honorable Court to dismiss Count III with costs to Plaintiff.

    /s/ Dale R. Loos
Dale R. Loos

    /s/ Lynn S. Loos
Lynn S. Loos

ADRIAN & DUNN, P.C.

BY  /s/ Robert K. Adrian
    One of their attorneys

ROBERT K. ADRIAN  .
ADRIAN & DUNN, P.C.
806 WCU BUILDING
510 MAINE STREET
QUINCY, ILLINOIS 62301
TELEPHONE: 217-228-0690
FACSIMILE: 217-228-0693
E-MAIL: adpc0690@adams.net